# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30304

ANTYWANE ERIC WILLIAMS,

Plaintiff-Appellant

v.

JUDGE COX; DISTRICT ATTORNEY JACOBS; COUNSELOR BOBIER; PAMELA SMART,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-2805

United States Court of Appeals
Fifh Circuit

**FILED**

November 14, 2017

Lyle W. Cayce
Clerk

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Antywane Eric Williams, Louisiana prisoner # 463325, proceeding pro se and in forma pauperis (IFP), filed a 42 U.S.C. § 1983 complaint alleging that Judge Jeffrey S. Cox, Assistant District Attorney Charles Jacobs, and attorneys Kila Bobier and Pamela Smart violated his civil rights during his criminal trial. The district court dismissed the complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e), and this court dismissed the appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for want of prosecution.  Williams returned to the district court and filed a motion for relief from judgment or order, which the district court denied. Williams noticed his appeal and moved for leave to proceed IFP on appeal.  The district court denied the IFP motion and certified that the appeal was not taken in good faith.  Williams now moves this court for authorization to proceed IFP.

We construe Williams's motion as a challenge to the district court's certification decision.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Williams has not shown that the district court erred in certifying that his appeal was not taken in good faith, thus, we need not address the question of whether he qualifies financially.  *See Baugh*, 117 F.3d at 202.  Accordingly, his IFP motion is DENIED, and the appeal is DISMISSED AS FRIVOLOUS.  *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

The dismissal of Williams's § 1983 complaint as frivolous, and the dismissal of this appeal as frivolous each count as a strike pursuant to § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Accordingly, Williams is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).